UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LORNA MEYER, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.: 5:17-cv-00081-DAE |
| | § | |
| | § | |
| DEKALB COUNTY SOLUTIONS, INC., | § | |
| *Defendant.* | § | |
| | § | |

## DEFENDANT DEKALB COUNTY SOLUTIONS, INC.'S
## ANSWER TO CLASS ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Dekalb County Solutions, Inc. ("Defendant" herein), by and through counsel files its Answer to Plaintiff's Complaint and to respectfully show unto the Court as follows:

## I.
## DENIALS

1. Defendant admits Plaintiff has filed an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendant denies that any violation occurred.

## II.
## JURISDICTION AND VENUE

2. Defendant lacks information or knowledge sufficient to form a belief about the truth of Paragraph 2. Therefore, Defendant denies Paragraph 2

3. Defendant admits Paragraph 3.

**III.**

**PARTIES**

4.      Defendant lacks information or knowledge sufficient to form a belief about the truth of Paragraph 4.  Therefore, Defendant denies Paragraph 4.

5.      Defendant admits that it is an Illinois corporation doing business in the State of Texas. Defendant admits that, at times, it acts as a "debt collector" within the meaning of 15 U.S.C. § 1692a.  Defendant denies the remainder of Paragraph 5.

**IV.**

**FACTUAL STATEMENT**

6.      Defendant lacks information or knowledge sufficient to form a belief about the truth of Paragraph 6.  Therefore, Defendant denies Paragraph 6.

7.      Defendant denies that Paragraph 7 is a complete and accurate statement of law.

8.      Defendant lacks information or knowledge sufficient to form a belief about the truth of Paragraph 8.  Therefore, Defendant denies Paragraph 8.

9.      Defendant admits to attempting to collect a debt and lacks information or knowledge sufficient to form a belief about the truth of Paragraph 9.  Therefore, Defendant denies Paragraph 9.

10.      Defendant lacks information or knowledge sufficient to form a belief about the truth of Paragraph 10.  Therefore, Defendant denies Paragraph 10.

11.      Defendant lacks information or knowledge sufficient to form a belief about the truth of Paragraph 11.  Therefore, Defendant denies Paragraph 11.

12.      Defendant denies Paragraph 12.

13.      Defendant denies that Paragraph 13 is a complete and accurate statement of law.

14.      Defendant denies Paragraph 14.

## V.
## CLASS ACTION ALLEGATIONS

15.    Defendant admits Plaintiff seeks class certification, but denies that Plaintiff is entitled to class certification.

16.    Defendant admits Plaintiff seeks class certification.  Defendant denies the remainder of Paragraph 16.

17.    Defendant admits Paragraph 17.

## A.
## NUMEROSITY

18.    Defendant denies Paragraph 18.

19.    Defendant denies that Paragraph 19 is a complete and accurate statement of law.

20.    Defendant denies Paragraph 20.

## B.
## COMMON QUESTIONS OF LAW AND FACT

21.    Defendant denies Paragraph 21.

## C.
## TYPICALITY

22.    Defendant denies Paragraph 22.

## D.
## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

23.    Defendant lacks information or knowledge sufficient to form a belief about the truth of Paragraph 23.  Therefore, Defendant denies Paragraph 23.

24.    Defendant lacks information or knowledge sufficient to form a belief about the truth of Paragraph 24.  Therefore, Defendant denies Paragraph 24.

**E.**
**PROCEEDING VIA CLASS ACTION IS**
**NOT SUPERIOR AND ADVISABLE**

25.     Defendant denies Paragraph 25.

26.     Defendant denies Paragraph 26.

27.     Defendant denies Paragraph 27.

28.     Defendant denies that Paragraph 28 is a complete and accurate statement of law.

29.     Defendant denies that Paragraph 29 is a complete and accurate statement of law.

30.     Defendant denies that Paragraph 30 is a complete and accurate statement of law.

31.     Defendant denies Paragraph 31.

32.     Defendant denies Paragraph 32.

33.     Defendant lacks information or knowledge sufficient to form a belief about the truth of Paragraph 33.  Therefore, Defendant denies Paragraph 33.

**VI.**
**COUNT I**

34.     Defendant re-alleges the previous paragraphs as though stated herein.

35.     Defendant denies Paragraph 35.

36.     Defendant admits that Paragraph 36 is a partial quotation of the FDCPA.  Defendant denies that Paragraph 36 is a complete and accurate statement of law.  Defendant denies Plaintiff is entitled to the relief requested in Paragraph 36.

**VII.**
**JURY TRIAL DEMAND**

37.     Defendant admits Plaintiff seeks a jury trial in Paragraph 37.

## VII.
## <u>AFFIRMATIVE DEFENSES</u>

And now, as a separate and complete defense, Defendant avers as follows:

38.    Any violation, if it occurred, was the result of a bona fide error.

39.    Plaintiff has not suffered a concrete, injury-in-fact.

40.    Plaintiff's damages—if any—are the result of the actions of third parties over whom Defendant has no control.

41.    Plaintiff's damages—if any—were pre-existing damages not caused by Defendant.

42.    Plaintiff has failed to mitigate damages—if any.

43.    Plaintiff proximately caused her own damages—if any.  Plaintiff is estopped and barred from recovery of damages resulting from her own conduct.

44.    Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully asks the Court to:

1)    Find Plaintiff's claims are not valid.

2)    Find that this case is inappropriate for class certification.

3)    Find Plaintiff's claims are brought in bad faith and award Defendant attorney's fees and costs.

4)    Enter judgment that Plaintiff take nothing from these Defendants.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/  Robbie Malone*
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
MALONE AKERLY MARTIN PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANT***


### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to the following party via **CM/ECF** on this 27th day of, February, 2017 to:

Daniel Zemel
Zemel Law LLC
70 Clinton Ave.
Newark, NJ 07114
P: 862-227-3106 | F: 862.204-5901
dz@zemellawllc.com
*Attorney for Plaintiff*

*/s/ Robbie Malone*
ROBBIE MALONE