UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LORNA MEYER,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO.: 5:17-cv-00081-DAE |
| | §<br>§ | |
| DEKALB COUNTY SOLUTIONS, INC.,<br>    *Defendant.* | §<br>§<br>§ | |

## DEKALB COUNTY SOLUTIONS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Dekalb County Solutions ("Defendant"), by and through counsel files its Response to Plaintiff's Motion to Strike Defendant's Offer of Judgment ("Doc. 7") and to respectfully show unto the Court as follows:

## I.
## INTRODUCTION

1. Plaintiff filed a class action complaint in this Court on February 6, 2017, alleging violations of 15 U.S.C. § 1692e(11). Doc. 1. Plaintiff then tendered an offer of settlement on an individual basis to the Defendant in the amount of $15,000.00 on February 14, 2017. Ex. A. In response to the offer, Defendant served Plaintiff with an offer of judgment in the amount of $1,001.00, plus reasonable attorney's fees and taxable costs incurred in this action, pursuant to Fed. R. Civ. P. 68. Ex. B. Plaintiff subsequently filed its Motion to Strike Defendant's Offer of Judgment on March 1, 2017, Doc. 7, and its accompanying memorandum of law. Doc. 7-1. Plaintiff did not confer with Defendant regarding the motion.

## II.
## ARGUMENT AND AUTHORITIES

### A. Plaintiff's Motion must be stricken because it lacks a Certificate of Conference.

2. Under Local Rule CV-7(i) for the Western District of Texas, "The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made." Plaintiff's counsel has not conferred with Defendant's counsel in a good-faith attempt to resolve the matter, nor has he advised the court why he could not come to an agreement in the body of his motion or by a certificate of conference. For this reason, Plaintiff's Motion to Strike should be denied.

### B. Offers of Judgment may be served on putative class representatives.

3. Plaintiff argues that tendering a Rule 68 [1] offer of judgment on a putative class representative before class certification is improper. Doc. 7-1 at 8 ("because the Rule 68 offer poses a conflict between Plaintiff and the proposed class, Defendant's tactic should not be allowed."). Plaintiff cites to a number of dated cases in support of her argument that Defendant's offer of judgment is "an attempt to 'pick off' the lead plaintiff in a class action by rendering the action moot" and "to shift the risk of costs to the Plaintiff." Doc. 7-1 at 5 (citing *Boles v. Moss Codilis, LLP*, 2011 WL 4345289, at *3 (W.D. Tex. 2011; *Johnson v. U.S. Bank Nat'l Ass'n*, 276

---

[1] (a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
(b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
. . .
(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made. Fed. R. Civ. P. 68

F.R.D. 330, 332 (D. Minn. 2011); *Smith v. NCO Fin. Sys.*, 257 F.R.D. 429 (E.D. Pa. 2009); *Strausser v. ACB Receivables*, 2007 U.S. Dist. LEXIS 14359 (E.D. Pa. 2007); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400 (E.D. Pa. 2006)).  Defendant's offer of judgment is not an attempt to "pick off" the lead plaintiff in the class complaint at bar, but is merely an exercise of its right under Rule 68 to attempt to limit its litigation costs.

4.     The question of whether an unaccepted offer of judgment by a class representative moots the claims of the putative class resulted in a circuit split until the U.S. Supreme Court granted certiorari in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), *as revised* (Feb. 9, 2016).  The Court held that unaccepted offers of judgment do not moot a putative class representatives claims by offering the representative complete relief:

> When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect.

*Id.* at 670 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1533 (2013) (Kagan, J. dissenting)) (adopting Justice Kagan's dissenting opinion).  For this reason, Defendant's offer of judgment cannot be an attempt to "pick off" Plaintiff as a class representative, as this is no longer allowed by federal law.  Even so, this holding does not stand for the proposition that offers of judgment to putative class representatives made prior to certification must be stricken.

5.     To support her Motion to Strike, Plaintiff primarily relies on *Boles*, *LLP*, SA-10-CV-1003-XR at *2—a five-year-old case in a dynamic area of the law—which applied the standard later adopted in *Campbell* that unaccepted offers of judgment do not moot a putative classes claims.  However, the court in *Boles* goes further, stating that if "a Rule 68 offer is made pre-certification, the class representative is compelled to weigh [their] own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class . . . .  As a result, the Rule 68 offer

places improper pressure on the named Plaintiff to drop the class action [and is inappropriate before class certification]." *Id.* at *2 (internal citations omitted) (internal quotations omitted).  This is no longer the case, and *Campbell* shows that granting a motion to strike an unaccepted Rule 68 offer simply because it was made to a putative class representative can no longer be considered proper procedure.

6.     In *Campbell*, similar to the case at bar, the defendant tendered an offer of judgment prior to class certification.  *Campbell*, 136 S. Ct. at 667-68.  The Court in *Campbell* takes for granted the notion that if a putative class representative wishes to pursue the class action after she has been offered full relief on her own claims, then she must do so at the risk of having her adversary's costs assessed on her.  In support of the holding that unaccepted settlement offers do not moot claims, Justice Ginsburg pointed specifically to Rule 68(d) as evidence of the claim still being live, stating, "*the sole built-in sanction*: 'If the [ultimate] judgment . . . is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.  *Id.* at 671 (citing Fed. R. Civ. P. 68(d)) (emphasis added).  In his concurrence of the *Campbell* holding, Justice Thomas argues:

> [T]he common law strongly encouraged a plaintiff to accept a tender by penalizing plaintiffs who improperly rejected them.  A plaintiff would not be able to recover any damages that accrued after the tender, nor could he receive the costs of the suit if the jury returned a verdict for either the amount offered or less.  This rule remains today. See Fed. Rule Civ. Proc. 68(d) (taxing costs to plaintiff who fails to recover more than the offer of judgment).

*Id.* at 675 n.* (Thomas, J. concurring).  These two arguments take it for granted that if a putative class representative is tendered an offer of judgment and denies it, then she must bear the risk of cost-shifting.

7.     The prevailing trend is for courts to allow defendants to make offers of judgment to putative class representatives to take advantage of the cost-shifting provision of Rule 68.  *See, e.g., Combe*

*v. Goodman Frost, PLLC*, 16-12857, 2016 WL 6782750, at *2 (E.D. Mich. Nov. 16, 2016); *Leahy–Fernandez v. Bayview Loan Servicing, LLC*, No. 8:15–cv–2380, 2016 WL 1047159, at *1–*2 (M.D. Fla. March 16, 2016); *Williams v. Amazon.Com, Inc.*, 312 F.R.D. 497, 499–501 (N.D. Ill. 2015); *Jacobson v. Persolve, LLC*, No. 14–CV–00735, 2014 WL 4090809, at *4–*5 (N.D. Cal. Aug. 19, 2014); *White v. Ally Financial Inc.*, No. 2:12–cv–00384, 2012 WL 2994302, at *3–*4 (S.D. W. Va. July 20, 2012); *Buechler v. Keyco, Inc.*, No. 09–2948, 2010 WL 1664226, at *3 (D. Md. April 22, 2010).  Many of the courts in these cases rely on the fact that Federal Rules of Civil Procedure do not prohibit offers of judgment on putative class representatives.  *See*, *e.g.*, *Combe,* 16-12857 at *2.

8. As Plaintiff admits, "[t]he plain language of [Rule 68] does not speak to class actions." Doc. 7-1 at 5.  A number of courts have noted that the Advisory Committee expressly considered whether to make Rule 68 inapplicable to class actions, but it elected not to do so.  *Combe*, 16-12857 at *2 (E.D. Mich. Nov. 16, 2016) (citing *Leahy–Fernandez*, 2016 WL 1047159, at *1; *Jacobson*, 2014 WL 4090809, at *5 n.4; *McDowall v. Cogan*, 216 F.R.D. 46, 48 n.2, 49 (E.D.N.Y. 2003)).  Further, as the court in *Combe* notes, denying a defendant the right to tender an offer of judgment unfairly makes defending class litigation more costly in favor of a hypothetical class certification that may never materialize:

> [Whether to settle or pursue class certification] ripens into an actual conflict only if the named plaintiff is able to establish the prerequisites under Rule 23 for certification as a class action.  If this showing cannot be made, then the plaintiff need only consider his own interests in determining whether to accept an offer of judgment.  Because the outcome of this inquiry typically is not known until the later stages of litigation, a prohibition against offers of judgment in putative class actions would prevent a defendant from using this device early in a case to limit its litigation costs, even though the suit ultimately might prove unamenable to treatment as a class action.  In light of these competing considerations that turn upon the uncertain fate of a motion for class certification that, in this case, has not even been filed, the Court declines Plaintiff's invitation to effectively rewrite Rule 68 in a manner that assumes the existence of a conflict that arises only if a class is

certified, while at the same time preventing the defendant from invoking a cost-limiting measure that unquestionably should be available, and likely would benefit both parties, in the event that a class is *not* certified.

*Combe*, 16-12857 at *2. Defendant is not trying to "pick off" the lead plaintiff in a class action, as this is no longer possible under U.S. Supreme Court precedent. Defendant is merely exercising its right to limit its litigation costs as allowed by Rule 68. Therefore, for this and the foregoing reasons, Defendant requests that Plaintiff's Motion to Strike be denied.

### III.
### CONCLUSION

9. As Plaintiff has failed to adhere to the required conferencing of Local Rule CV-7(i), and as Defendant is entitled to tender an offer of judgment under Rule 68, Defendant requests that Plaintiff's Motion to Strike be denied.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully prays that Plaintiff's Motion to Strike be denied, and all other and further relief, at law or in equity, to which Defendants may be justly entitled.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
MALONE AKERLY MARTIN PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

*COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been electronically filed **via CM/ECF** which will automatically send email notification of such filing to the following known counsel of record on this 8th day of March, 2017:

Daniel Zemel
Zemel Law LLC
70 Clinton Ave.
Newark, NJ 07114
P: 862-227-3106
dz@zemellawllc.com

/s/ Robbie Malone
ROBBIE MALONE